GEORGE CARVALHO *vs.* GEORGE F. LEVESQUE *et al.*

MAY 22, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a bill in equity for a mandatory injunction to compel the respondents to supply water to the complainant's premises. After a hearing in the superior court on bill, answer and proof a decree was entered denying and dismissing the bill. The cause is before us on the complainant's appeal from such decree.

The respondents are members of the administrative board of the Portsmouth Water and Fire District, hereinafter referred to as the district, a quasi-municipal corporation created by a special act of the general assembly at its January

session, 1952, as amended by a special act at the January session, 1956. See *Wood* v. *Quimby*, 20 R. I. 482, 486. Under the act, as amended, the district is authorized to obtain a supply of water and to distribute it to the inhabitants of the district and also to furnish water to inhabitants of the town of Portsmouth outside the boundaries of the district.

Section 5 of the act, as amended, reads in part as follows:
"If said district shall undertake to distribute the water so obtained, it * * * may * * * from time to time fix water rates and charges for the water and water facilities furnished by the district, which may be based upon the quantity of water used or the number and kind of water connections made or the number and kind of plumbing fixtures installed on the estate or upon the number or average number of persons residing or working in or otherwise connected therewith or upon any other factor affecting the use of or the value of the water and water facilities furnished or upon any combination of such factors * * *."

Section 5, as amended, also provides that: "Said district may also furnish water to the inhabitants of the town of Portsmouth outside of the boundaries of said district."

Section 8, Acts and Resolves 1952, p. 590, contains the following provision with respect to rights of way: "Said district may acquire by agreement, purchase or condemnation such land and rights of way as may be necessary for the purposes of said district."

In December 1957 the district entered into a contract with the town of Portsmouth whereby the former agreed to furnish water to the Fort Butts School by laying a water main near Education Lane leading to the school. The town agreed to purchase the water upon the terms stated in the contract. The school is located outside of the boundaries of the district.

In the fall of 1959 complainant acquired a parcel of real estate located outside the boundaries of the water district. His land lies to the east of Education Lane and is separated

from it by land of Alfred J. Reise. The complainant's land is bounded on the west by the Reise land and on the south by land of Thomas E. Duffy. The Fort Butts School is on land southwest and south respectively of the parcels owned by complainant and Mr. Reise. The water district has installed an extension from the water main on Education Lane across the Reise land easterly to a point within eight to ten feet of complainant's westerly boundary.

The complainant desired a supply of water for two residences located on his land. He asked the district to extend the spur line from the Reise land into his land and agreed to pay the costs of installation and service. On December 11, 1959, by an agreement entered into between the town and the district, complainant was given the right to tap into the water system. Paragraph three of the original contract between the town and the district was amended to read as follows:

> "Alfred J. Reise et ux and George Carvalho et ux shall have the right to tap into the main described hereinbefore and any subsidiary connection for the benefit of the land presently held by them lying to the easterly of Education Lane so-called, and contiguous to said main and extensions thereof, providing they make satisfactory arrangements with the District. It is understood that no other person or persons shall be serviced thru said main or extension therefrom unless there is concurrent approval between the Town and the District."

The district refused to install water service until complainant executed a deed of easement giving it the right to lay and maintain forever a water pipe line through a strip of land fifteen feet in width for a distance of 240 feet along the western boundary of complainant's land. The easement requested by the district is not for the purpose of servicing the two residences on complainant's land, but for supplying water to land south of complainant's property. The com-

plainant refused to comply with the demands of the district and thereupon brought the instant bill.

The complainant contends that the district has no authority under the act to require as a prerequisite to furnishing water that he give up a property interest in his land that is unrelated to water service for his property; that the evidence will not support a finding that he entered into a binding agreement to convey such easement to the district; and that the requirement of an easement unrelated to furnishing water for his land was not a reasonable condition for the district to impose.

In our opinion the decree denying and dismissing the bill is not in error. Section 5, as amended, vests the district with permissive authority to furnish water to inhabitants of the town outside of the boundaries of the district. The section provides that with respect to such inhabitants the "district *may* also furnish water * * *." (italics ours) This is clearly the grant of a discretionary power. The complainant was not entitled to water service under the act as a matter of right. Implicit in such grant of power is the authority to impose reasonable conditions to enable the district to carry out the purposes of the act.

The complainant does not contend that he was entitled to water service as a matter of right under sec. 5. But he argues that by virtue of the contract of December 11, 1959 the district became bound to supply him with water service and that the easement demanded by the district was an unreasonable condition because it had nothing to do with furnishing his land and buildings with water. He further argues that sec. 8 provides for acquisition of rights of way by "agreement, purchase or condemnation" and that therefore the district had no authority to compel him to give up an interest in his property without just compensation.

There would be merit in complainant's argument if he were entitled, as a matter of right, to the water supply he seeks. But, as we have already stated, under sec. 5 he has

no such right. Under the provisions of the December 11, 1959 contract he was given the right to tap into the main providing he made "satisfactory arrangements" with the district. The only question really is whether the easement demanded was contemplated by the language of the contract and, if so, whether the requirement of the easement is a reasonable condition.

It is our opinion that the language of the contract contemplated such easement. The district is empowered by the act to furnish water to inhabitants of the town outside of the boundaries of the district, as well as within. It is charged with the responsibility of planning for future expansion of its water service. In its judgment the requirement of the easement in question was necessary to carry out the purposes of the act.

In our opinion the easement requested by the district is not an unreasonable condition. The fact that it is not needed to service the complainant's premises does not constitute it a taking of his land without just compensation. He is under no compulsion to grant the easement for the purpose of acquiring something to which he is otherwise entitled. But if he wants the district to exercise its discretion in his favor, he is required to comply with its request for the easement.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

FROST, J., did not participate in the decision.

*Sheffield & Harvey, Richard B. Sheffield,* for complainant.

*Thomas F. Levesque,* for respondents.